UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| CARLOS M. BURROWS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 13-CV-2218 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER</u>**

On October 4, 2013, Petitioner Carlos M. Burrows filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) along with a Motion to Request Counsel (#3). The government filed a Motion to Dismiss for Lack of Jurisdiction (#7) on October 22, 2013. For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DISMISSED for lack of subject matter jurisdiction and the Motion to Request Counsel (#3) is found MOOT.

BACKGROUND

On February 8, 2002, Petitioner plead guilty to one count of being a felon in possession of a firearm that had been transported in interstate commerce in violation of 18 U.S.C. § 922(g)(1) in criminal case number 01-CR-20084. On May 10, 2002, he was sentenced to the Federal Bureau of Prisons for 210 months. The district court found he was an armed career criminal (ACC) pursuant to United States Sentencing Guidelines § 4B1.4 under the provisions of 18 U.S.C. § 924(e) as he had four prior convictions in Illinois for burglary, a violent offense.

Following his conviction, Petitioner filed a number of motions. On September 24, 2002, Petitioner filed case number 02-CV-2202, which the court initially construed as a § 2255 motion.

On January 2, 2003, the court allowed Petitioner to withdraw the motion following its warning that it was construing his September 24, 2002 motion as a § 2255 motion. On May 2, 2003, Petitioner filed a § 2255 motion in case number 03-CV-2076 pertaining to his 2002 conviction in case 01-CR-20084. The government filed its response and the court denied the motion on September 8, 2003. The Seventh Circuit Court of Appeals issued its mandate dismissing Petitioner's appeal of the district court's denial of motion for a certificate of appealability on April 14, 2004. On February 22, 2006, in the Southern District of Illinois, Petitioner filed case number 06-CV-156, a petition for writ of habeas corpus under 28 U.S.C. § 2241, which again collaterally attacked his conviction in 01-CR-20084. Petitioner, in that motion, argued that some of his underlying burglary convictions should not have been used to qualify him for ACC status at sentencing. He also acknowledged that he had previously filed a § 2255 motion in reference to 03-CV-2076. The district court dismissed the motion, finding that it was second or successive motion under § 2255 and did not qualify for the savings clause, which would have provided that the court of incarceration could hear a challenge to a federal sentence or conviction that is brought via a § 2241 habeas petition only in the rare instance in which a remedy under § 2255 is inadequate or ineffective. The court found Petitioner did not qualify for the savings clause.

On October 4, 2013, Petitioner filed this current motion under § 2255, which is a second or successive motion under § 2255 to his motion filed in 03-CV-2076. In this current motion, Petitioner argues that his prior burglary convictions should not have counted towards his status as an ACC, and that this issue had just now arisen following the U.S. Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013). Petitioner argues:

2

> "The conviction I have are burglary and I see what all been said in this new so called modified categorical approach when the offense has a single, indivisible set of elements. I believe the guilty plea that was used to enhancement me to the ACCA would not qualify cause the negotiated agreement I had with the state when I pleaded guilty and what I actually did was take some capper off a [unintelligible] no kind of violent conduct."

Petitioner has also filed a Motion to Request Counsel (#3), alleging that he has no money to pay for counsel. The government has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (#7), arguing that it is undisputed that this is a second or successive motion under § 2255 and that Petitioner has not sought the required permission from the Seventh Circuit to file such a motion.

## ANALYSIS

The court agrees with the government that, at the very least, this is Petitioner's second motion under § 2255, following his motion in 03-CV-2076. The habeas statute holds that:

> "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Petitioner is making an argument that he should be allowed to file this motion pursuant to § 2255(h)(2). However, there is no indication that Petitioner, as required by § 2255(h), has sought the required certification of the Seventh Circuit to pursue this second or successive § 2255 motion. Therefore, this court has no subject matter jurisdiction and cannot entertain Petitioner's motion. See *United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010). Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is dismissed for lack of subject matter jurisdiction. Petitioner's Motion to Request Counsel (#3) is therefore found to be moot.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. For a certificate of appealability to be issued, Petitioner must show that jurists of reason would find it debatable whether his motion states a valid claim of the denial of a constitutional right and also must show that jurists of reason would find it debatable whether this court was correct in its procedural ruling. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); see also *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the motion is second or successive.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is dismissed for lack of subject matter jurisdiction.

(2) Petitioner's Motion to Request Counsel (#3) is MOOT.

(3) A Certificate of Appealability is DENIED.

(4) This case is terminated.

ENTERED this 20th day of March, 2014

s/ MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE